SCOTT E. BRADFORD, OSB # 062824
United States Attorney
District of Oregon
**CASSADY A. ADAMS, CO Bar #48807**
Assistant United States Attorney
Cassady.Adams@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00370-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **DENNYS FABRICIO LAINEZ-HERNANDEZ,** | |
| **Defendant.** | |

### Introduction

Defendant Dennys Fabricio Lainez-Hernandez is before the Court for sentencing

following the entry of a guilty plea to the charge of possession with intent to distribute fentanyl

(40 grams or more), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi).

In this case, the United States recommends a sentence of 27 months custody, followed by

four years of supervised release.

//

**Government's Sentencing Memorandum**                                                  **Page 1**

**Factual Background**

**A.  The Offense Conduct**

1.  <u>October 2024 Drug Trafficking Conduct</u>

In the fall of 2024, Portland Police Bureau (PPB) began texting the phone number of a suspected drug dealer in furtherance of an ongoing investigation. PSR ¶ 17. Officers set up a meeting with the drug dealer, who indicated that he could sell half an ounce of fentanyl powder for $400. *Id.* PPB then went to the meeting location and contacted the suspect vehicle. *Id.* The driver and sole occupant of the vehicle was the defendant, Dennys Fabricio Lainez-Hernandez. *Id.*

PPB searched the vehicle and found a brown leather bag with two plastic bags containing approximately 8.61 grams of M30 pills (fentanyl). PSR ¶ 17. They also seized multiple plastic bags with approximately 250.96 grams of fentanyl powder and approximately 8 grams of cocaine. *Id.* Photographs of the drugs are shown below for the Court's reference:



Lainez-Hernandez was arrested, and PPB seized his cell phone and $367 US currency. PSR ¶ 17.

**Government's Sentencing Memorandum**                                                    **Page 2**

Investigators searched Lainez-Hernandez's cell phone and found messages with dozens of different individuals. PSR ¶ 18. They found over ten text threads with people interacting with Lainez-Hernandez in apparent attempts to purchase drugs. *Id.*

The conduct from this incident was originally charged in Multnomah County State Court. PSR ¶ 45. Lainez-Hernandez was released from custody on state pretrial, and on August 22, 2025, Lainez-Hernandez failed to appear for his state court case related to this incident. *Id.* Several days later, Lainez-Hernandez was arrested for drug trafficking again, as described below.

2. <u>August 2025 Drug Trafficking Conduct</u>

In the summer of 2025, Portland Police Bureau (PPB) began an investigation into another drug dealer in the Portland, Oregon area. PSR ¶ 20. As part of the investigation, that individual was arrested and agreed to allow officers to search and use their phone. *Id.* In August 2025, a PPB officer observed messages on the drug dealer's phone with a person who called themselves "Eiden," and PPB exchanged messages with "Eiden" to arrange the purchase of fentanyl. *Id.* A search of databases revealed that the phone number for "Eiden" was associated with Suany Maria Ochoa-Ferrara, the co-defendant of Dennys Lainez Herndandez. *Id.*[1]

PPB used geolocation information from the cell phone associated with "Eiden," and they located Ochoa-Ferrara and her vehicle. PSR ¶ 21. A police officer texted Ochoa-Ferrara between August 26, 2025 and August 28, 2025, arranging the purchase of fentanyl using coded language.

---

[1] Suany Maria Ochoa-Ferrara was prosecuted separately for this conduct in case number 3:25-cr-00384-IM. On January 26, 2026, she was sentenced to 15 months BOP and three years supervised release, following her conviction for possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

**Government's Sentencing Memorandum** **Page 3**

*Id.* For example, the officer asked Ochoa-Ferrara if she could do a "whole one," referring to an ounce of fentanyl, and Ochoa-Ferrara confirmed, "I'll see you tonight, friend." *Id.*

On August 28, 2025, PPB was conducting surveillance on Ochoa-Ferrara's apartment, while also texting her to arrange a location to meet. PSR ¶ 22. PPB observed Ochoa-Ferrara leave her apartment and drive to another apartment, where she spoke with Lainez-Hernandez. *Id.* Lainez-Hernandez returned to his apartment and then came back out and got into Ochoa-Ferrara's vehicle. *Id.* Police then followed them to the meeting location in Troutdale, Oregon for the anticipated drug deal. *Id.*

After Ochoa-Ferrara and Lainez-Hernandez arrived at the meeting location for the drug deal, police contacted them and detained them. PSR ¶ 22. Ochoa-Ferrara was in the driver's seat, and Lainez-Hernandez was in the passenger seat. *Id.* Lainez-Hernandez had an outstanding arrest warrant and was taken into custody. *Id.* On his person, police found $960 US currency and 43.5 gross grams of fentanyl powder. *Id.* Within the vehicle, they found $2,423 US currency. *Id.* A photograph of the fentanyl seized from Lainez-Hernandez's person is shown below.



A search of Lainez-Hernandez's apartment revealed approximately 72.5 gross grams of fentanyl powder, drug packaging, a scale, and over $25,000 U.S. Currency. PSR ¶ 23. A photograph of the additional fentanyl seized from Lainez-Hernandez's residence is shown below for the Court's reference.



A subsequent search of Ochoa-Ferrara's apartment revealed over $600 US currency, but no additional fentanyl. PSR ¶ 24.

Investigators learned that Ochoa-Ferrara would purchase fentanyl by the ounce from Lainez-Hernandez for $550 and would keep the profit she made from selling it. PSR ¶ 25. Lainez-Hernandez would go with her to meet new drug customers for safety reasons. *Id.*

### B.  Federal Indictment of Lainez-Hernandez

On September 16, 2025, a federal grand jury returned an indictment charging Lainez-Hernandez with two counts of possession with intent to distribute fentanyl, 21 U.S.C. § 841(a)(1): one count for the October 2024 seizure of fentanyl, and one count for the August 2025

seizure of fentanyl. This indictment adopted the state case from the October 2024 incident. PSR ¶ 45.

###### C.  The Plea Agreement & Guideline Computations

On March 10, 2026, Lainez-Hernandez pleaded guilty to count one of the indictment, possession with intent to distribute fentanyl (40 grams or more). PSR ¶ 1.

The presentence report has calculated Lainez-Hernandez's criminal history score to be zero, and his criminal history category is I. PSR ¶ 43.

The government agrees with the guideline calculations in the presentence report, which are consistent with the plea agreement in this case. PSR ¶¶ 30-39; ECF 22.[2]

Additionally, the government is recommending a three-level downward variance under 18 U.S.C. § 3553(a) to account for defendant's prompt notice to the government of defendant's intent to plead guilty and accept responsibility. PSR ¶ 12.

The government recommends a sentence of 27 months custody in this case, followed by four years of supervised release. This recommendation is consistent with the plea agreement.

### Argument

#### A.  Defendant is not entitled to a minor role reduction under USSG § 3B1.2(b).

In his letter objecting to the presentence report, Defendant Lainez-Hernandez claims that he is entitled to a two-level reduction for "minor role," under USSG § 3B1.2(b). The facts of this case do not support such a reduction, and the government concurs with the US Probation Office that the minor role reduction is not appropriate in this case.

---

[2] Defendant will need to provide a statement to satisfy USSG § 5C1.2(a)(5). It is expected that this will occur prior to the sentencing hearing in this case.

**Government's Sentencing Memorandum**                                                    **Page 6**

Under USSG § 3B1.2(b), a two-level reduction applies "[i]f the defendant was a minor participant in any criminal activity." Specifically, the two-level minor participant reduction, USSG § 3B1.2(b), "applies to a defendant who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." USSG § 3B1.2 Comment. Note 5.

This is a fact-based determination, and the Court considers factors such as (1) the level of defendant's understanding of the scope and structure of the activity, (2) the degree to which defendant participated in planning or organizing the activity, (3) the degree to which he exercised decision-making authority, (4) the nature and extent of his participation, and (5) the degree to which he stood to benefit. *Id.* at Comment. Note 3(C).

The 2025 Guidelines provide additional guidance on what circumstances may generally warrant a two-level minor role reduction in drug cases. USSG § 2D1.1(e)(2)(B)(ii) provides:

> An adjustment under § 3B1.2(b) is generally warranted if the defendant's primary function in the offense was performing another low-level trafficking function, such as distributing controlled substances in user-level quantities for little or no monetary compensation or with a primary motivation other than profit . . . . [3]

In this case, the minor role reduction does not apply. First, there is no dispute that Lainez-Hernandez understood the scope and structure of his activity. He was aware that he was selling drugs, and that he was making money from it. PSR ¶¶ 17-18; 22-23, 25.

---

[3] Due to this recent guideline amendment, it appears that there is little Ninth Circuit caselaw on the amended minor role reduction for drug cases. The district court in the Southern District of California, J. Moskowitz, considered a similar issue and awarded a defendant a four-level downward variance, considering the upcoming amendments under USSG §§ 3B1.2(a) and 2D1.1(e)(2)(B)(i), for being solely a courier. *See United States v. Maciel*, 789 F. Supp.3d 934 (June 30, 2025). Lainez-Hernandez does not contend that he was solely a courier, however.

**Government's Sentencing Memorandum**                                    **Page 7**

Second, Lainez-Hernandez was not simply selling to other drug users; in August 2025, he was also *supplier* for his co-defendant Suany Ochoa-Ferrara. He was selling her fentanyl in ounce-quantities, which she would subsequently distribute. PSR ¶ 25.[4]

Third, the evidence revealed that Lainez-Hernandez profited from selling fentanyl, and he was not working "for little or no monetary compensation." USSG § 2D1.1(e)(2)(B)(ii). The messages on Lainez-Hernandez's phone revealed that he was selling fentanyl, and a search of Lainez-Hernandez's residence revealed over $25,000 PSR ¶ 18, 23.

## B. 18 U.S.C. 3553(a) Sentencing Factors

There are general factors that district courts take into account in exercising their sentencing discretion. Specifically, 18 U.S.C. § 3553(a) directs courts, "in determining the particular sentence to be imposed," to consider the following factors:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"

(2) "the need for the sentence imposed" to serve purposes of the criminal laws;

(3) "the kinds of sentences available;"

(4) "the kinds of sentence and the sentencing range" established by the guidelines;

(5) "any pertinent policy statement" issued by the Sentencing Commission;

(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

(7) "the need to provide restitution to any victims of the offense."

---

[4] In Ochoa-Ferrara's case, the Court and Probation Office did not apply the two-level minor role reduction.

**Government's Sentencing Memorandum**                                                **Page 8**

18 U.S.C. § 3553(a)(1)-(7).

Many of the § 3553(a) factors warrant the sentence requested by the government in this case, including the nature and circumstances of the offense, and the need for the sentence imposed to serve the purposes of the criminal laws. Those purposes include "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment . . . afford adequate deterrence . . . protect the public . . . ." and to provide needed education, training, treatment, and care to the defendant. 18 U.S.C. § 3553(a)(2).

## C.  Analysis of Sentencing Factors

This case involves defendant Lainez-Hernandez selling fentanyl on multiple occasions, including October 2024 and August 2025.

This conduct was serious because it involves fentanyl – a dangerous drug that can be lethal even in small amounts. *See* DEA Drug Fact Sheet – Fentanyl (Oct. 2022), available at https://www.dea.gov/sites/default/files/2022-12/Fentanyl%202022%20Drug%20Fact%20Sheet.pdf . The fentanyl possessed and distributed by Lainez-Hernandez contributed to the spread of this poison in our community.

Lainez-Hernandez's conduct also occurred on multiple occasions. While he has no prior criminal convictions, PSR ¶ 43, he was not deterred by his state arrest or state prosecution for the October 2024 conduct. Rather, he kept selling fentanyl and was arrested again for drug trafficking, in August 2025, after failing to show up to his state court hearing for his previous drug case. PSR ¶¶ 22, 45.

Lainez-Hernandez did not report suffering from any substance abuse issues. PSR ¶ 65. Given that, and the amount of US Currency seized from his residence in August 2025, it appears that his crime was financially motivated.

To his credit, Lainez-Hernandez accepted responsibility in a very timely manner in this case, for which the government is recommending a three-level downward variance under 18 U.S.C. § 3553(a).

Furthermore, because he is not a United States citizen, Lainez-Hernandez is subject to removal from the United States as a collateral consequence, upon the conclusion of his sentence in this case. PSR ¶ 5.

The requested sentence of 27 months custody promotes respect for the law, provides just punishment, and affords adequate deterrence by holding Lainez-Hernandez accountable for his role in this case.

### Conclusion

Based on the foregoing, the government recommends the Court impose a sentence of 27 months custody, followed by a four-year term of supervised release, and a $100 fee assessment.

Dated:  June 14, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/Cassady A. Adams*
CASSADY A. ADAMS, CO Bar #48807
Assistant United States Attorney